IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BO ZOU,

   Plaintiff,

  v.

STEVEN R. EBBERTS, et al.,

   Defendants.

Case No. 2:25-cv-02231-HLT-RES

## ORDER

  Pro se plaintiff Bo Zou[1] filed a civil complaint against three state-court judges. Doc. 1. After the magistrate judge granted Plaintiff leave to proceed in forma pauperis, she screened the complaint and recommended that the case be dismissed because Defendants were entitled to immunity based on the face of the complaint. Plaintiff objected. After reviewing the record de novo, the undersigned finds that Defendants are immune from suit and dismisses this case.

**I.  BACKGROUND**

  Plaintiff's complaint alleged that on December 2, 2022, Shawnee County District Judge Teresa Watson prohibited Plaintiff from entering certain parts of the Shawnee County Courthouse. *Id.* at 3. Plaintiff appealed to the Kansas Supreme Court, and Chief Justice Marla Luckert denied the appeal. *Id.* On August 15, 2023, Shawnee County District Court Chief Judge Steven Ebberts prohibited Plaintiff from entering the Shawnee County Courthouse entirely. *Id.* The original complaint did not indicate what specific claim Plaintiff was bringing but he sought to "Revoke the injunction" and $7,000 in damages. *Id.* at 4.

---

[1] Because Plaintiff proceeds pro se, his pleadings are construed liberally and held to a less stringent standard than pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate. *Id.*

Plaintiff moved to proceed in forma pauperis ("IFP"). Doc. 4. The magistrate judge granted the motion but directed the U.S. Marshals Service to withhold service pending further order of the court so that screening could occur. Doc. 5. The magistrate judge then screened the complaint under 28 U.S.C. § 1915(e)(2)(B)[2] and issued a Report and Recommendation ("R&R"). Doc. 6.

The R&R noted that Plaintiff sues three state-court judges for violating his constitutional rights. Doc. 6 at 1-2. Although the complaint did not contain enumerated counts or specify the cause of action, the R&R construed Plaintiff as trying to assert claims under 42 U.S.C. § 1983, which applies when a party alleges constitutional violations by those acting under color of state law. *Id.* at 4. Although the complaint did not state whether Plaintiff was suing Defendants in their individual or official capacities, the R&R also construed the claims under both theories. *Id.* at 4-5. Finally, the R&R construed Plaintiff's complaint as alleging both monetary and injunctive relief. *Id.* at 3 n.2.

The R&R explained that judicial immunity applies to any individual-capacity claims brought against Defendants, who are all judges, and for both monetary and injunctive relief. *Id.* at 5-6. The limited circumstances in which judicial immunity would not apply are when a complaint challenges actions taken by a judge not in their judicial capacity and for actions taken in a complete absence of all jurisdiction. *Id.* at 6. The R&R explained that Plaintiff's complaint did not suggest that either exception applied. *Id.* at 6-7. The R&R, in taking judicial notice of Plaintiff's state-court filings, noted that Judge Watson had presided over Plaintiff's state-court cases. *Id.* at 7. The complaint alleged that Chief Justice Luckert had denied Plaintiff's appeal to the Kansas Supreme Court. *Id.* Finally, Chief Judge Ebberts had issued an administrative order prohibiting Plaintiff

---

[2] Section 1915(e)(2)(B) allows a court to dismiss any complaint by a party proceeding IFP if the case is frivolous or malicious, fails to state a claim, or seeks monetary relief against an immune defendant. When screening a complaint under § 1915(e)(2)(B), the court applies the standard for motions to dismiss under Rule 12(b)(6). *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

2

from entering the Shawnee County Courthouse. *Id.* at 7-8. The R&R found these are all actions within the respective Defendants' judicial capacities. *Id.* at 8. Because there were no allegations that any Defendants acted in the complete absence of jurisdiction, the R&R concluded that all individual-capacity claims against Defendants were barred by judicial immunity. *Id.* at 9-10.

The R&R explained that, to the extent Plaintiff brought official-capacity claims, those were actually claims against the state of Kansas. *Id.* at 4-5, 10. The Eleventh Amendment bars such official-capacity claims because judges are considered state officials. *Id.* at 10. The only exceptions to this immunity are consent, abrogation, and limited relief under the doctrine in *Ex parte Young*. *Id.* at 10-11. The R&R cited authority showing none of these exceptions applied. *Id.* at 11. Finally, the R&R noted that 42 U.S.C. § 1983 limits the injunctive relief available against judicial officers to circumstances not alleged in this case. *Id.* at 12.

The R&R thus found that Plaintiff's claims are subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii) because they are barred by judicial immunity and the Eleventh Amendment. *Id.* at 13. Plaintiff was notified that he had 14 days to file written objections and that failure to object would waive appellate review of factual and legal findings. *Id.*

After the R&R was issued, Plaintiff filed an amended complaint and an objection to the R&R. Docs. 7-8. The amended complaint is very similar to the original.[3] The amended complaint specifies that Plaintiff is alleging a violation of the Fourteenth Amendment because Defendants limited his access to the Shawnee County Courthouse. Doc. 7 at 3. The amended complaint drops the claim for monetary damages. *Id.* at 4.

---

[3] In the original complaint, Plaintiff did not check any boxes indicating a claim arising under federal law. Doc. 1 at 3. The amended compliant checks the boxes for a claim rising under 28 U.S.C. § 1343 and the box for "other," in which Plaintiff references the Fourteenth Amendment. Doc. 7 at 3. Section 1343 does not provide for a cause of action; it only allows courts to hear civil rights cases. *Hancock v. United States*, 2025 WL 1550560, at *3 (D. Kan. 2025).

3

In his objection, Plaintiff asserts that federal courts have jurisdiction over claims against state officials, including judges, for violations of constitutional rights. Doc. 8 at 2. He claims there is no judicial immunity for constitutional violations. *Id.* at 11-12.

Much of Plaintiff's objection details the history of the dispute between Plaintiff and his former landlord, which led to the state-court lawsuits, and his complaints about how the state-court matters were handled. *See generally id.* Relevant to this case, Plaintiff explains that Judge Watson was not originally the judge assigned to the small-claims case, but she then "intervened" or had the case reassigned to her, which Plaintiff claims was improper. *Id.* at 2-3, 8. It also includes an allegation that Judge Watson prohibited Plaintiff from entering the courthouse in retaliation for his filings in that case. *Id.* at 3, 8. Plaintiff alleges Chief Judge Ebberts issued the administrative order in violation of the Fourteenth Amendment "by fabricating pretexts." *Id.* at 10. He also attached a copy of the administrative order. *See* Doc. 8-1. Plaintiff argues that Chief Judge Ebberts was without authority to issue the order because he was not presiding over Plaintiff's cases. Doc. 8 at 12. As to Chief Justice Luckert, Plaintiff argues she wrongfully denied his Petition for Writ of Mandamus in Case. No. 23-125970-S without a reason. *Id.* at 14.[4]

**II.   ANALYSIS**

Rule 72(b) governs R&Rs by magistrate judges on dispositive issues. The rule allows a party to file objections and states that "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

---

[4]   The objection also includes some allegations against other Kansas judges who are not parties to the case. Doc. 8 at 14. The Court takes no action on allegations against non-parties. Plaintiff also objects that it was improper for the magistrate judge to rule on the IFP motion and delay service. *Id.* at 1. Plaintiff is not correct. Granting leave to proceed in forma pauperis and other non-dispositive rulings are within a magistrate judge's authority. *See Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *see also* Fed. R. Civ. P. 72.

4

Plaintiff filed both an amended complaint and objection in response to the R&R. Docs. 7-8. The Court has considered both and applies de novo review to the R&R.

Plaintiff alleges constitutional violations by individuals acting under color of state law, which typically falls within 28 U.S.C. § 1983. Because Plaintiff does not indicate whether he sues Defendants in their individual or official capacities, analysis of both is proper. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (noting that individual-capacity suits "seek to impose personal liability" while official-capacity suits are against the "entity of which an officer is an agent" (internal quotation and citation omitted)). The Court will also consider claims for both monetary and injunctive relief.[5]

### A.     Individual-Capacity Claims

Judges acting in their judicial capacity are generally immune for suit for money damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991). This immunity extends to claims for injunctive relief. *Lawrence v. Kuenhold*, 271 F. App'x 763, 766 n.6 (10th Cir. 2008) ("Thus, the doctrine of judicial immunity now extends to suits against judges where a plaintiff seeks not only monetary relief, but injunctive relief as well."); *see also* 42 U.S.C. § 1983 (noting that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable"). This immunity may be overcome if the allegations arise from acts not taken in the judge's judicial capacity or if the judicial acts are "taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12.

---

[5]   Although Plaintiff's original complaint sought monetary damages, it appears Plaintiff has dropped that claim in his amended complaint. This does not change the analysis in the R&R or this order.

Here, Plaintiff's allegations make clear that the acts he complains of were taken by Defendants in their judicial capacity. Plaintiff's objection concedes that Judge Watson issued the order barring Plaintiff from entering the courthouse while she was presiding over Plaintiff's state-court cases. *See* Doc. 8 at 3, 8. This is a judicial act. *See Springer v. Seventh Jud. Dist. Ct.*, 2024 WL 2804431, at *5 (D.N.M. 2024) ("[A]n order (or other act) barring an individual from entering the courthouse or a courtroom is a judicial act to which judicial immunity applies."). Although Plaintiff disagrees with the reasons and motivations behind that action, "judicial immunity is not overcome by allegations of bad faith or malice." *Mireles*, 502 U.S. at 11. Similarly, Plaintiff's complaints about how Judge Watson handled his cases do not change the judicial nature of the act he complains of in this case (issuing an order barring him from the courthouse).

Plaintiff complains that Chief Judge Ebberts issued an order "by fabricating pretexts." Doc. 7 at 3. But he admits Chief Judge Ebberts's order was an administrative order. Doc. 8 at 10. He also attaches the order to his objection, which reflects that Chief Judge Ebberts signed the order in his judicial capacity. *See* Doc. 8-1 at 3, 5 (citing the court's "inherent powers to make orders reasonably necessary for the administration of justice" and signing as Chief Judge for the Shawnee County District Court). An administrative order issued by a chief judge of a court is a judicial act. *See Springer*, 2024 WL 2804431, at *5.

Finally, both the amended complaint and objection support a conclusion that Chief Justice Luckert was acting in a judicial capacity when she denied Plaintiff's appeal. *See* Doc. 7 at 5 (stating that Chief Justice Luckert denied Plaintiff's appeal); Doc. 8 at 14 (stating that Chief Justice Luckert reviewed and denied Plaintiff's Petition for Writ of Mandamus). Plaintiff complains this was done without any reason, but the procedure employed by the Kansas Supreme Court in deciding appeals is left to that court's discretion. *See* K.S.A. § 20-3018(b) ("The procedures governing petitions for

review shall be prescribed by rules of the supreme court, and the review of any such decision shall be at the discretion of the supreme court."). Issuing orders and denying appeals in cases a judge is presiding over are "function[s] normally performed by a judge" and thus are acts done in a judicial capacity. *See Mireles*, 502 U.S. at 12.

The only potential exception Plaintiff alludes to is his claim that Judge Watson acted without jurisdiction because she "is a Chapter 60 judge without the jurisdiction and authority to review the Chapter 61 cases." Doc. 8 at 8. Plaintiff cites no support for this conclusory statement.[6] Plaintiff also claims Chief Judge Ebberts could not issue an administrative order because he was not the presiding judge in Plaintiff's case. But Kansas statutes specifically vest chief judges with authority to "be responsible for and have general supervisory authority over the clerical and administrative functions of such court." *See* K.S.A. § 20-329. The fact that Plaintiff disputes the grounds for the order does not change the immunity analysis. Likewise, whether the actions were mistaken, improper, or erroneous does not make those actions any less judicial. *See Mireles*, 502 U.S. at 12-13.

---

[6] Under K.S.A. § 20-301, a district court has "general original jurisdiction of all matters, both civil and criminal." *See also Explorer, Inc. v. Duranotic Door, Inc.*, 2011 WL 5833351, at *3 (Kan. Ct. App. 2011) ("That includes subject matter jurisdiction over cases under both Chapter 60 (the civil code) and Chapter 61 (the limited civil code)."). Other statutes consider district judges hearing limited actions under Chapter 61. *See, e.g.*, K.S.A. § 20-302b(a) (providing that magistrate judges have concurrent jurisdiction with district judges over limited actions); K.S.A. § 61-2709(a) (contemplating small-claims actions heard by a district judge); K.S.A. § 61-3902(a) (contemplating limited actions heard by a district judge). The Supreme Court has also noted the distinction between acts in excess of jurisdiction, for which judicial immunity still applies, and "the clear absence of all jurisdiction." *See Stump v. Sparkman*, 435 U.S. 349, 356 n.6 (1978) ("Where there is clearly no jurisdiction over the subject-matter any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible. But where jurisdiction over the subject-matter is invested by law in the judge, or in the court which he holds, the manner and extent in which the jurisdiction shall be exercised are generally as much questions for his determination as any other questions involved in the case . . . ." (internal quotation and citation omitted)).

Based on this, the Court finds that Defendants are entitled to judicial immunity for any individual-capacity claims.[7]

### B. Official-Capacity Claims

"District and appellate court judges are state officials." *Turner v. Kansas Ct. of Appeals*, 2025 WL 671577, at *4 (D. Kan. 2025). Where a state official is sued in his or her official capacity, the claim is construed as being against the state. *Id.* at *3. The Eleventh Amendment to the U.S. Constitution states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State . . . ." The Eleventh Amendment thus bars any claim for damages against a state in federal court unless the state has consented to suit or Congress has allowed the suit. *Kentucky*, 473 U.S. at 169. "This bar remains in effect when State officials are sued for damages in their official capacity." *Id.*; *see also Williams v. Utah Dep't of Corr.*, 928 F.3d 1209, 1212 (10th Cir. 2019). Here, Kansas has not consented to suit, and § 1983 did not abrogate Kansas's sovereign immunity. *See Allen v. Knowlton*, 2023 WL 3496237, at *2 (D. Kan. 2023).

To the extent Plaintiff seeks injunctive relief, *Ex parte Young*, 209 U.S. 123 (1908), does not save his claims. Under that case, "a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief." *Williams*, 928 F.3d at 1214. But *Ex parte Young* does not allow injunctions against state judicial officers preventing them from adjudicating cases pending before them. *Jackson v. Mason*, 2024 WL 3695293, at *8 (D. Kan. 2024); *see also Young*, 209

---

[7] As noted above, the analysis is the same whether Plaintiff seeks monetary or injunctive relief. *See Lawrence*, 271 F. App'x at 766 n.6. Section 1983 also bars injunctive relief "unless a declaratory decree was violated or declaratory relief was unavailable." Plaintiff does not make any such allegations.

8

U.S. at 163 ("[A]n injunction against a state court would be a violation of the whole scheme of our government.").

Plaintiff's official-capacity claims are therefore barred by the Eleventh Amendment.

## III.   CONCLUSION

Based on the above analysis, and after consideration of Plaintiff's amended complaint and objection, the Court finds that the R&R correctly recommended that the Court should dismiss this case under 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii). Based on the Court's de novo review, Plaintiff's claims are barred by judicial immunity and the Eleventh Amendment.

THE COURT THEREFORE ORDERS that the Report and Recommendation (Doc. 6) is ADOPTED as the order of the Court. This case is DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii). This case is CLOSED. Plaintiff has 30 days to file a notice of appeal.

IT IS SO ORDERED.

Dated: June 20, 2025                    /s/ *Holly L. Teeter*
                                        HOLLY L. TEETER
                                        UNITED STATES DISTRICT JUDGE